1   **WO**

2

3

4

5   **NOT FOR PUBLICATION**

6   IN THE UNITED STATES DISTRICT COURT

7   FOR THE DISTRICT OF ARIZONA

8

9   Cynthia A. Miller, et al.,                    )    No. CV-06-2106-PCT-FJM
                                                   )
10                  Plaintiffs,                    )    **ORDER**
                                                   )
11  vs.                                            )
                                                   )
12                                                 )
    George Massi, et al.,                          )
13                                                 )
                   Defendants.                     )
14                                                 )
                                                   )
15  _____)

16

17          The Court has before it "Defendants Massi, Hunt, Delong and Northern Arizona

18  Investment Group, LLC dba HOAMCO's ("HOAMCO") Partial Motion to Dismiss and

19  Motion for Partial Summary Judgment as to Defendant Delong" ("Defendants' Motion")

20  (doc. 31), defendants' "Statement of Facts in Support of Defendant Delong's Motion for

21  Partial Summary Judgment as to Defendant Delong Only" (doc. 32), plaintiffs' response (doc.

22  34), and defendants' reply (doc. 35).

23                                               **I.**

24          Defendants move for partial dismissal of plaintiffs' Amended Complaint pursuant to

25  Rule 12(b)(6).  Plaintiffs "withdraw" several claims, and we therefore grant defendants'

26  partial motion to dismiss Counts Nine and Fifteen against defendants Massi, Hunt, Delong

27  and HOAMCO. See Response at 5-6.  Plaintiffs also argue that because several causes of

28  action were not alleged against certain defendants, the motion to dismiss those claims should

1   be denied.  See, e.g., Response at 4.  However, by so stating, plaintiffs give us reason to

2   grant, not deny, the relevant parts of defendants' motion.  Therefore, we also dismiss Counts

3   Three, Four, Five, Six, Ten, Eleven and Twelve against defendant Massi, see id. at 5-8, and

4   Counts One through Six, and Counts Ten, Thirteen and Fourteen against defendants Hunt

5   and Delong, see id. at 4-6.

6       Next, we address the arguments for dismissal not rendered moot by plaintiffs'

7   concessions.  A complaint should only be dismissed if  "it appears beyond doubt that the

8   plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

9   Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).  Therefore, we must accept

10  all of plaintiffs' material factual allegations as true, and draw all reasonable inferences in

11  plaintiffs' favor.  Anderson v. Clow (In re Stac Elecs. Sec. Litig.), 89 F.3d 1399, 1403 (9th

12  Cir. 1996).

13      Additionally, a complaint need not prove all elements of a claim, but rather must

14  simply set forth "a short and plain statement of the claim showing that the pleader is entitled

15  to relief." Fed. R. Civ. P. 8(a)(2).  Its averments should " ' sufficiently establish a basis for

16  judgment against the defendant, ' " and unlikelihood of success "does not, by itself, justify

17  dismissal under Rule 12(b)(6)."  AlliedSignal, Inc. v. City of Phoenix, 182 F.3d 692, 696,

18  696 n.3 (9th Cir. 1999) (citation omitted).  Rule 8, Fed. R. Civ. P.'s "simplified notice

19  pleading standard relies on liberal discovery rules and summary judgment motions to define

20  disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema

21  N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002).

22      Defendants move for dismissal of plaintiffs' Tenth Claim, brought against defendant

23  HOAMCO, arguing that (1) negligence per se does not apply to common law theories and

24  (2) the Arizona Employment Protection Act precludes a negligence per se claim based on

25  violations of Arizona employment discrimination laws.  Defendants' Motion at 7.  Plaintiffs

26  concede that their negligence per se claim cannot be based on violations of common law or

27  Arizona laws.  See Response at 8-9.  However, they contend that defendant HOAMCO's

28  Title VII violation gives rise to a negligence per se claim.  See id.  Defendants reply that

1  allowing a remedy in tort for a violation of a federal statute would be inconsistent "with the

2  spirit of the law in Arizona and should not be allowed."  Reply at 4.

3      "[W]henever a valid statute or regulation provides that a certain thing must or must

4  not be done, if a failure to comply with such regulation is a proximate cause of injury to

5  another, such failure is actual negligence per se."  Hall v. Mertz, 480 P.2d 361, 363 (App.

6  1971).  In Arizona, even a violation of a federal statute will support a negligence per se

7  claim.  Martin v. Schroeder, 209 Ariz. 531, 537, 105 P.3d 577, 583 (App. 2005).  Negligence

8  per se allows a court to find civil liability in a statute that *does not* already provide for it.  See

9  Prosser & Keeton on The Law of Torts § 36, at 220-21 (5th ed. 1984).  Title VII provides

10  ample civil liability for those in violation of its statutory scheme.  Therefore, we will not

11  infer additional civil liability where none is needed, and grant defendants' motion to dismiss

12  Count Ten.

13      Defendants also move for dismissal of counts Sixteen, Seventeen and Eighteen

14  arguing that those counts are not legal claims, but "related to damages."  Defendants' Motion

15  at 5.  Defendants' statement that these counts "are not legal claims" does not on its own give

16  us reason to dismiss.  We will dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. if the relief

17  plaintiffs request is unavailable under the facts alleged by the Amended Complaint.

18  Therefore, we deny this ground for dismissal.

19                                              **II.**

20      Defendants move for partial summary judgment as to Counts Seven and Eight brought

21  against defendant Delong, contending that pursuant to Rule 12(b)(6), Fed. R. Civ. P.,

22  "[p]laintiffs have presented no allegation against Mr. Delong individually that states any

23  claim upon which relief can be granted."  Defendants' Motion at 8.  However, in so arguing,

24  defendants ask us to consider the statement of facts and exhibit they have filed concurrently

25  with their motion.  Id.  As such, defendants do not move for summary judgment, but move

26  for dismissal pursuant to Rule 12(b)(6), and ask us to consider both their statement of facts

27  and exhibit in our ruling on that motion.  Therefore, we must first address whether

28  defendants' 12(b)(6) motion should be converted into a motion for summary judgment.

1       "Generally, the scope of review on a motion to dismiss for failure to state a claim is

2   limited to the contents of the complaint." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir.

3   2005).  However, " ' when [the] plaintiff fails to introduce a pertinent document as part of his

4   pleading, [the] defendant may introduce the exhibit as part of his motion attacking the

5   pleading,' " so long as certain conditions are met. Branch v. Tunnell, 14 F.3d 449, 453 (9th

6   Cir. 1994) (alteration in original) (citation omitted), overruled on other grounds by Galbraith

7   v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).  A court may consider such

8   evidence if "(1) the complaint refers to the document; (2) the document is central to the

9   plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the

10   12(b)(6) motion." Marder, 450 F.3d at 448.  A complaint "refers" to a document if it is

11   specifically mentioned in the complaint. See Branch, 14 F.3d at 453.  Considering such

12   documents does not convert a 12(b)(6) motion to dismiss into a motion for summary

13   judgment because the documents are not outside the complaint. Id. at 453-54.  A court has

14   discretion to consider matters submitted as exhibits even if they are outside the complaint so

15   long as the motion for dismissal is converted into a motion for summary judgment. See

16   Cunningham v. Rothery (In re Rothery), 143 F.3d 546, 549 (9th Cir. 1998).

17       Here, neither document filed concurrently with defendants' motion is referred to in the

18   complaint.  Therefore, if we consider the documents, we must convert defendants' 12(b)(6)

19   motion into a motion for summary judgment.  However, we decline to do so.  The parties

20   have had, as of this date, limited time in which to conduct discovery.  The arguments

21   defendants' statement of facts and exhibit raise are best addressed by way of motions for

22   summary judgment.  The summary judgment deadlines will provide the parties with ample

23   opportunity to discover and present to the court all material rendered relevant by the exhibits.

24       Having declined to convert this portion of defendants' motion into a motion for

25   summary judgment, we turn to defendants' 12(b)(6) arguments for dismissal of Counts Seven

26   and Eight as to defendant Delong.  Without the benefit of the documents defendants filed

27   with their motion, their arguments for dismissal rest on the factual assertion that "Plaintiffs

28   have no independent facts that Mr. Delong terminated Plaintiffs." Defendants' Motion at 8.

We accept as true plaintiffs' allegation that Delong terminated plaintiffs, see Amended Complaint at 12-13, and deny this ground for dismissal.

Therefore, it is **ORDERED GRANTING** defendants' partial motion to dismiss Counts Three, Four, Five, Six, Nine, Ten, Eleven, Twelve and Fifteen against defendant Massi; Counts One through Six, and Counts Nine, Ten, Thirteen, Fourteen and Fifteen against defendants Hunt and Delong, and Counts Nine, Ten and Fifteen against defendant HOAMCO (doc. 31).  It is further **ORDERED DENYING** defendants' partial motion to dismiss Counts Sixteen, Seventeen and Eighteen (doc. 31).  Finally, it is **ORDERED DENYING** defendants' partial motion to dismiss Counts Seven and Eight against defendant Delong (doc. 31).

As a result, the following claims remain against the following defendants: Counts One, Two, Seven, Eight, Thirteen, Fourteen, Sixteen, Seventeen and Eighteen as to defendant Massi; Counts Seven, Eight, Eleven, Twelve, Sixteen, Seventeen and Eighteen as to defendant Hunt; Counts Seven, Eight, Eleven, Twelve, Sixteen, Seventeen and Eighteen as to defendant Delong, and Counts One, Two, Three, Four, Five, Six, Seven, Eight, Eleven, Twelve, Thirteen, Fourteen, Sixteen, Seventeen and Eighteen as to defendant HOAMCO.

DATED this 16th day of March, 2007.


_____
Frederick J. Martone
United States District Judge