**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cynthia A. Miller, et al., | ) | No. CV-06-2106-PCT-FJM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| George Massi, et al., | ) | |
| Defendants. | ) | |

The Court has before it defendants Travis Anderson ("Anderson"), Steve Cameron ("Cameron"), and Brown Family Communities' ("BFC") partial motion to dismiss (doc. 12), plaintiffs' "Response to Defendants' Partial Motion to Dismiss and a Motion for Leave to Amend Complaint" (doc. 21) and defendants' reply (doc. 26).[1]

---

[1] Plaintiffs' Amended Complaint alleges that defendant Travis Anderson and Jane Doe Anderson, whose correct name is Jenna Davis, "are husband and wife forming a marital community" under Arizona law, and that "[a]ll acts done or alleged to have been done by Travis Anderson were done by, for and on behalf of the marital community." First Amended Complaint ("Amended Complaint") (doc. 11) at 3. The Amended Complaint alleges the same as to defendant Steve Cameron and his wife Jane Doe Cameron, whose correct name is Laura Anita Cameron. Id. Although Laura Cameron and Jenna Davis also move for dismissal, plaintiffs' response does not address them individually, and no claims are premised upon their conduct. Rather, they are sued jointly with their spouses in accordance with A.R.S. § 25-215(D), and any claims against them and their marital communities rise and fall with the claims brought against their husbands.

Defendant BFC builds and sells homes, including at least one home in Pronghorn Ranch, a residential community in Yavapai County. Pronghorn Ranch residents have access to community facilities, which are operated by defendant HOAMCO, the community's property manager. From August 9, 2005 through September 7, 2005, plaintiff Cynthia Miller worked as a facility coordinator for a clubhouse located in Pronghorn Ranch. The claims in this case arise out of interactions Cynthia Miller had with individuals employed in Pronghorn Ranch, including defendants Anderson and Cameron, during Miller's Pronghorn Ranch employment.

**I.**

We first address plaintiffs' motion to amend the complaint, brought pursuant to Rule 15, Fed. R. Civ. P., in which they argue that amendment is required because defendants' motion to dismiss has raised "new and relevant facts." Response at 2. After a responsive pleading has been filed, a party may amend its pleadings by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend is freely given "when justice so requires." Id. However, a party who moves for leave to amend "must attach a copy of the proposed amended pleading as an exhibit to the motion" to indicate in what respect the amended pleading differs from the original. LRCiv 15.1(a). We deny plaintiffs' motion to amend because they have failed to attach a copy of their proposed amended complaint. However, the time for amendment has not yet expired, and plaintiffs may renew their motion in a manner that complies with Rule 15(a), Fed. R. Civ. P., LRCiv 15.1(a), and our forthcoming Rule 16 Scheduling Order.

**II.**

Defendants move for partial dismissal of plaintiffs' Amended Complaint pursuant to Rule 12(b)(6). However, they also argue that we should consider the declaration and exhibit attached to their 12(b)(6) motion, and convert their motion to dismiss into a motion for summary judgment. Therefore, we must first address whether defendants' 12(b)(6) motion

- 2 -

1 should be converted into a motion for summary judgment. See Motion to Dismiss at 2 n.1.
2 "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited
3 to the contents of the complaint." Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2005).
4 However, " ' when [the] plaintiff fails to introduce a pertinent document as part of his
5 pleading, [the] defendant may introduce the exhibit as part of his motion attacking the
6 pleading,' " so long as certain conditions are met. Branch v. Tunnell, 14 F.3d 449, 453 (9th
7 Cir. 1994) (alteration in original) (citation omitted), overruled on other grounds by Galbraith
8 v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). A court may consider such
9 evidence if "(1) the complaint refers to the document; (2) the document is central to the
10 plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the
11 12(b)(6) motion." Marder, 450 F.3d at 448. A complaint "refers" to a document if it is
12 specifically mentioned in the complaint. See Branch, 14 F.3d at 453. Considering such
13 documents does not convert a 12(b)(6) motion to dismiss into a motion for summary
14 judgment because the documents are not outside the complaint. Id. at 453-54. A court has
15 discretion to consider matters submitted as exhibits even if they are outside the complaint so
16 long as the motion for dismissal is converted into a motion for summary judgment. See
17 Cunningham v. Rothery (In re Rothery), 143 F.3d 546, 549 (9th Cir. 1998).

18 Here, neither the declaration nor the exhibit attached to defendants' motion are
19 referred to in the complaint. Therefore, if we consider these two documents, we must
20 convert defendants' 12(b)(6) motion into a motion for summary judgment. However, we
21 decline to do so. The parties have had, as of this date, limited time in which to conduct
22 discovery. The arguments raised by the two documents attached to defendants' 12(b)(6)
23 motion are best addressed by way of motions for summary judgment. The summary
24 judgment deadlines will provide the parties with ample opportunity to discover and present
25 to the court all material rendered relevant by the exhibits.[2]

---

[2] Plaintiffs attached documents not referred to in the Amended Complaint to their responsive memorandum. See Response Exhibits A-D. When a party *responds* to a 12(b)(6)

Having declined to convert defendants' motion into a motion for summary judgment, we turn to defendants' 12(b)(6) arguments for dismissal. A complaint should only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). Therefore, we must accept all of plaintiff's material factual allegations as true, and draw all reasonable inferences in plaintiff's favor. Anderson v. Clow (In re Stac Elecs. Sec. Litig.), 89 F.3d 1399, 1403 (9th Cir. 1996).

Additionally, a complaint need not prove all elements of a claim, but rather must simply set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Its averments should " ' sufficiently establish a basis for judgment against the defendant, ' " and unlikelihood of success "does not, by itself, justify dismissal under Rule 12(b)(6)." AlliedSignal, Inc. v. City of Phoenix, 182 F.3d 692, 696, 696 n.3 (9th Cir. 1999) (citation omitted). Rule 8, Fed. R. Civ. P.'s "simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002).

Plaintiffs' response concedes that several counts should be dismissed against particular defendants. Therefore, we grant defendants' motion to dismiss Counts Three, Four, Five, Six, Seven, Eight, Ten, Sixteen and Seventeen against defendants Cameron and Anderson. See Response at 6-13. Further, plaintiffs "withdraw" several claims, and we therefore also grant defendants' motion to dismiss Counts Nine and Fifteen against defendants Cameron, Anderson and BFC. See id. at 9, 12. Plaintiffs also argue that because several causes of

---

motion by attaching matters outside the complaint, we do not have authority to convert the responsive memorandum into a motion for summary judgment. See Fed. R. Civ. P. 12(b)(6). In fact, at least one circuit has stated that inclusion of such materials in a brief opposing a motion to dismiss is an impermissible attempt to amend a complaint. See Car Carriers v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984). For these reasons, although we assess plaintiffs' responsive arguments, we do not amplify the allegations in the Amended Complaint by considering the exhibits attached to plaintiffs' Response.

- 4 -

1   action have not "at this time" been alleged against particular defendants, the motion to
2   dismiss those claims should be denied. See, e.g., Response at 10. However, by so stating,
3   plaintiffs give us reason to grant, not deny, defendants' motion to dismiss the relevant causes
4   of action. Therefore, we also dismiss Counts Eleven, Twelve, Thirteen, Fourteen and
5   Eighteen against defendant Cameron, see id. at 10-13, Counts Thirteen, Fourteen and
6   Eighteen against defendant Anderson, see id. at 11-13, and Count Eighteen against defendant
7   BFC, see id. at 13.

## A. Count One: Battery

Next, we turn to the arguments for dismissal not rendered moot by plaintiffs' concessions. Defendants move to dismiss plaintiffs' battery count, first arguing that defendant BFC is not liable for battery because it "had no control over or liability for" the actions of George Massi ("Massi"). Motion to Dismiss at 3. Defendants also contend that Anderson and Cameron are not liable for battery because "[p]laintiffs do not make any allegations" against these particular defendants. Id. at 3.

Pursuant to respondeat superior, "an employer may be held accountable for the wrongful act of his employee committed while acting in his employer's business and within the scope of his employment," even when the employer has expressly forbidden the employee's act. Ohio Farmers Ins. Co. v. Norman, 122 Ariz. 330, 331-32, 594 P.2d 1026, 1027-28 (App. 1979). A tort may fall within the scope of employment. See Restatement (Second) of Agency § 231 (1958).

Defendants contend that Massi was employed by defendant HOAMCO alone. Id. Yet this argument relies on the two documents attached to defendants' motion, which we may not consider. See id. at 2-3. Plaintiffs allege that Massi "put his arms around" and "hugged" plaintiff Cynthia Miller, thus subjecting her to unwelcome physical conduct "of a sexual nature in her place of employment, intending to cause contact with her person that was harmful or offensive." Amended Complaint at 5, 8. The Amended Complaint further alleges that defendant BFC hired defendant HOAMCO, and that Massi was employed by defendant

- 5 -

BFC. Id. at 4. Plaintiffs have alleged a battery claim against defendant BFC by way of respondeat superior liability. Therefore, we deny defendants' motion to dismiss Count One against this defendant.

Plaintiffs also allege that defendants Massi, Cameron and Anderson were each "employed directly" by defendant HOAMCO and "indirectly" by defendant BFC. Amended Complaint at 4. However, plaintiffs do not allege any facts that would render defendants Anderson and Cameron liable for a battery committed by Massi, who the Amended Complaint alleges is no more than Cameron and Anderson's co-employee. Therefore, we grant defendants' motion to dismiss Count One against defendants Anderson and Cameron.

### B. Count Two: Sexual Assault

Plaintiffs' sexual assault count is based on conduct defendants Massi and Anderson allegedly forced upon plaintiff Cynthia Miller. Amended Complaint at 8. Defendants move to dismiss plaintiffs' sexual assault claim arguing that (1) defendant BFC is not liable for any claim based on Massi's conduct because it never employed Massi and that (2) no allegations are made against defendant Cameron with regard to this claim. Motion to Dismiss at 4. Defendants do not move to dismiss sexual assault claims against defendant BFC based on defendant Anderson's conduct, and defendant Anderson does not move to dismiss this claim. Id.

For the reasons stated above, we reject defendants' factual assertion that it did not employ defendant Massi, and deny defendants' motion to dismiss this claim as to defendant BFC. However, we grant defendants' motion to dismiss the sexual assault claim brought against defendant Cameron. Plaintiffs contend that defendant Cameron is liable for sexual assault because he was "solicited by HOAMCO employees to resolve Plaintiffs [sic] sexual harassment allegation." Response at 5. Plaintiffs further allege that Cynthia Miller was instructed to discuss Anderson's behavior with Cameron. Amended Complaint at 6. These facts are insufficient to state a claim against Cameron based on his co-employee Massi's

1  sexual assault. Therefore, we grant defendants' motion to dismiss any sexual assault claim
2  brought against defendant Cameron premised upon Massi's conduct.

3  Plaintiffs' Amended Complaint also alleges that Cynthia Miller reported Anderson's
4  behavior to Cameron, "scheduled an appointment" to talk to Cameron, and that a meeting
5  scheduled with Cameron was cancelled. Amended Complaint at 6. Plaintiffs contend that
6  these facts entitle them to relief against Cameron for Anderson's alleged assault under the
7  doctrine of respondeat superior. Response at 5. Under these facts, Cameron is no more than
8  Anderson's co-employee, and plaintiffs have failed to state a claim against Cameron based
9  on Anderson's conduct.

### C. Counts Three through Seven

Defendants' argue for dismissal of Counts Three through Six of plaintiffs' Amended Complaint contending that defendant BFC never employed plaintiff Cynthia Miller, and that each of these claims fail because they may only be brought against a plaintiff's employer. See Motion to Dismiss at 4, 5, 6. Further, defendants argue that Count Seven should be dismissed because defendant BFC never employed defendants Hunt and Delong. Id. at 8. However, the argument that defendant HOAMCO, and not defendant BFC, employed Cynthia Miller and defendants Hunt and Delong relies upon documents that we may not consider. See Motion to Dismiss at 2-3. Therefore, we accept as true plaintiffs' allegations that Cynthia Miller, Hunt and Delong were employed by defendant BFC, see Amended Complaint at 4-9, and deny defendants' motion to dismiss on this ground.

### D. Count Eight: Retaliatory Discharge under State Law

Plaintiffs allege that they were both terminated because plaintiff Cynthia Miller reported the harassment she allegedly endured from defendants Massi and Anderson to defendants BFC and HOAMCO. See Amended Complaint at 13. Further, they contend that their retaliatory discharge violated both A.R.S. § 41-1464, the Arizona Civil Rights Act, and § 23-1501(3)(b)(i), the Arizona Employment Protection Act. Id. Defendants move to

1   dismiss these claims arguing that (1) an Arizona Civil Rights Act claim is only available to
2   plaintiffs who bring suit against their employers, and therefore the claims against defendant
3   BFC fail because BFC did not employ plaintiffs, and (2) that any claim of retaliatory
4   discharge cannot give rise to both a § 41-1464 violation and a § 23-1501(3)(b)(i) violation.
5   Motion to Dismiss at 9.

6   As discussed above, we accept as true plaintiffs' allegation that plaintiff Cynthia
7   Miller was employed by defendant BFC. For the same reasons, we also accept as true
8   plaintiffs' contention that defendant BFC employed plaintiff Harry Miller. See Amended
9   Complaint at 5. Therefore, this argument for dismissal is denied. However, we deem
10  plaintiffs' failure to respond to defendants' second argument, see Response at 8-9, a consent
11  to the granting of defendants' motion on this ground. See LRCiv 7.2(i). Therefore, we grant
12  defendants' motion to dismiss any retaliatory discharge claim brought pursuant to a § 23-
13  1501(3)(b)(i) violation.

E.  Count Ten: Negligence Per Se

Defendants move to dismiss Count Ten as to defendant BFC arguing that (1)
negligence per se cannot be based on common law theories, (2) the Arizona Civil Rights Act
is the exclusive remedy under Arizona law for violations of Arizona employment
discrimination laws, and (3) because BFC did not employ plaintiffs, it did not violate any of
the statutes that would give rise to negligence per se liability. Motion to Dismiss at 11-12.
Plaintiffs concede that their negligence per se claim cannot be based upon violations of
common law or Arizona laws, but nevertheless contend that defendant BFC's Title VII
violation gives rise to a negligence per se claim. See Response at 9-10. Defendants reply
that recovery for violations of Title VII should be limited to those remedies Title VII itself
provides. Reply at 7-8.

"[W]henever a valid statute or regulation provides that a certain thing must or must
not be done, if a failure to comply with such regulation is a proximate cause of injury to
another, such failure is actual negligence per se." Hall v. Mertz, 480 P.2d 361, 363 (App.

1971). In Arizona, even a violation of a federal statute will support a negligence per se claim. Martin v. Schroeder, 209 Ariz. 531, 537, 105 P.3d 577, 583 (App. 2005). Negligence per se allows a court to find civil liability in a statute that *does not* already provide for it. See Prosser & Keeton on The Law of Torts § 36, at 220-21 (5th ed. 1984). Title VII provides ample civil liability for those in violation of its statutory scheme. Therefore, we will not infer additional tort liability where none is needed, and grant defendants' motion to dismiss Count Ten.

F. Count Eleven: Improper Interference with Contractual Relations

Defendants move to dismiss Count Eleven as to defendant BFC because (1) "[p]laintiffs do not allege" this claim against BFC, but only against defendants Hunt, Delong and Anderson, and (2) HOAMCO, not BFC, employed Hunt and Delong. Motion to Dismiss at 12. We reject both of these arguments. First, because plaintiffs have alleged that Hunt, Delong and Anderson were BFC employees, they have stated grounds for relief against defendant BFC pursuant to a respondeat superior theory. Second, we accept as true plaintiffs' allegations that BFC employed Hunt and Delong because defendants' argument to the contrary relies on documents outside the complaint, which we may not consider.

Defendants move to dismiss this count as to defendant Anderson to the extent that it relies on the actions of Hunt and Delong. See Motion to Dismiss at 12. We deem plaintiffs' failure to respond to this argument, see Response at 10, a consent to the granting of defendants' motion on this ground. See LRCiv 7.2(i).[3]

G. Count Twelve: Breach of Implied Covenant of Good Faith and Fair Dealing

Defendants move for dismissal of plaintiffs' good faith and fair dealing claim brought against defendant BFC for three reasons. See Motion to Dismiss at 12-13. First, they argue that plaintiffs were never employed by defendant BFC. For the reasons stated above, we

---

[3] Defendants do not move to dismiss the Improper Interference with Contract claim brought against defendant Anderson based on Anderson's own conduct. See Motion to Dismiss at 12.

- 9 -

reject this argument. Second, defendants contend that this claim fails against defendant BFC because no contractual relationship existed between BFC and plaintiffs. Under Arizona law, every contract contains an implied covenant of good faith and fair dealing. See Nelson v. Phoenix Resort Corp., 181 Ariz. 188, 197, 888 P.2d 1375, 1384 (App. 1994). We accept as true plaintiffs' allegation that an employment contract existed between BFC and plaintiffs, see Amended Complaint at 15, and deny defendants' motion to dismiss on this ground. Third, defendants argue that defendant BFC is not liable for the actions of defendants Hunt and Delong because BFC never employed them. As discussed above, we accept plaintiffs' allegations that Hunt and Delong were BFC employees. Therefore, plaintiffs are entitled to relief based on Hunt and Delong's conduct under a theory of respondeat superior, and we reject this argument for dismissal.

Defendants next contend that a claim based on a breach of the covenant of good faith and fair dealing cannot be brought against defendant Anderson because Anderson and plaintiffs never entered into a contract. Motion to Dismiss at 13. Plaintiffs concede that there was no contract between plaintiffs and Anderson, but assert that Anderson's liability for this count is premised upon his interference with the contracts plaintiffs entered into with defendants BFC and HOAMCO. See Response at 11. An individual who is not a party to a contract may interfere with a contract others have entered into. See Restatement (Second) of Torts § 766 (1979). However, that interference does not give rise to a breach of the covenant of good faith and fair dealing, because a party may only breach a contract to which it is bound. See Taylor v. State Farm Mut. Auto. Ins. Co., 185 Ariz. 174, 176, 913 P.2d 1092, 1094 (1996) ("The duty of good faith requires that neither party act in a manner that would damage the rights of the other party to receive the benefits flowing from the underlying contractual relationship."). Therefore, we grant defendants' motion to dismiss Count Twelve against defendant Anderson.

H. Count Thirteen: Infliction of Emotional Distress

Defendants first move to dismiss Count Thirteen arguing that any emotional distress claims based on acts or omissions by defendants Massi, Hunt and Delong must fail because those defendants were never employed by defendant BFC. See Motion to Dismiss at 13. For the reasons stated above, we reject this argument, and conclude that plaintiffs have stated grounds for relief based on a respondeat superior theory.

Defendants also argue that any emotional distress claim based on HOAMCO's conduct cannot be asserted against defendant BFC. Id. We accept as true plaintiffs' allegation that BFC hired HOAMCO, see Amended Complaint at 4, and do not consider any document outside the complaint that might negate that contention. Therefore, we also deny this ground for dismissal because plaintiffs have stated a claim based on respondeat superior liability.

I. Count Fourteen: Invasion of Privacy

Defendants first move to dismiss Count Fourteen arguing that any invasion of privacy claim against defendant BFC must fail because (1) no claim is alleged against BFC and (2) any such claim cannot be based on defendant Massi's conduct because Massi was never employed by BFC. See Motion to Dismiss at 14. For the reasons stated above, we accept as true plaintiffs' allegation that defendant BFC employed Massi, and therefore conclude that plaintiffs have stated a basis for relief as to this claim under a respondeat superior theory.

J. Counts Sixteen and Seventeen

Defendants move for dismissal of plaintiffs' claims that they are entitled to punitive damages under both federal and state law because (1) BFC never employed plaintiffs and (2) BFC never employed defendants Massi, Hunt and Delong. Motion to Dismiss at 15. For the reasons stated above, we deny defendants' motion on these grounds.

Therefore, it is **ORDERED DENYING** plaintiffs' motion for leave to amend the complaint (doc. 21). It is further **ORDERED GRANTING** defendants' partial motion to dismiss Counts One through Eighteen against defendant Cameron; defendants' partial motion to dismiss Count One, and Counts Three through Eighteen against defendant Anderson, and defendants' partial motion to dismiss Counts Nine, Ten, Fifteen and Eighteen against

- 11 -

defendant BFC (doc. 12). It is also ordered **GRANTING IN PART** and **DENYING IN PART** defendants' partial motion to dismiss Count 8 against defendant BFC (doc. 12). Finally, it is **ORDERED DENYING** defendants' partial motion to dismiss Counts One through Seven, Counts Eleven through Fourteen, and Counts Sixteen and Seventeen against defendant BFC (doc. 12).

As a result, the following claims remain against the following defendants: Counts Two and Eleven against defendant Anderson, and Counts One, Two, Three, Four, Five, Six, Seven, Eight, Eleven, Twelve, Thirteen, Fourteen, Sixteen and Seventeen against defendant BFC.[4]

DATED this 16th day of March, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

---

[4] The Count Eight claim against defendant BFC remains only to the extent that it gives rise to an A.R.S. § 41-1464 violation, and the Count Eleven claim against defendant Anderson remains only to the extent that it alleges liability based on Anderson's own conduct.

- 12 -